# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GLEN GROCE,<br><br>                   Plaintiff,<br>  v.<br>THEDORE BERNARD CLAUDAT, dba<br>Quality Instant Printing<br><br>                   Defendant. | Case No. 09cv1630 BTM (WMc)<br><br>**ORDER RE MOTION TO DISMISS** |

Defendant Thedore Claudat, doing business as Quality Instant Printing, has filed a motion to dismiss the Complaint [Doc. 16]. For the following reasons, the Court **GRANTS in part** and **DENIES in part** the motion.

## I. BACKGROUND[1]

Plaintiff Mark Groce has sued Mr. Claudat, his former employer, under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA") for failure to pay overtime wages and has also alleged a variety of state-law claims including Labor Code violations, unfair competition, and negligence.

Defendant hired Plaintiff in November 2004 to work for Defendant's printing business in San Diego, California. Employed as a printing-press operator, Plaintiff made $12.00 from

---

[1] The following facts are merely allegations in the Complaint and are not the Court's factual findings.

the time he started until April 30, 2005.  He then got a raise and made $13.00 per hour from May 1, 2005 until July 29, 2005, which was his last day of work.  Although Plaintiff worked in excess of eight hours per day and on weekends, Defendant failed to compensate him for those overtime hours at a higher rate.  Defendant also failed to give Plaintiff rest and meal breaks.

In addition to the overtime-hours violation, Defendant failed to give Plaintiff an itemized wage statement listing the gross wages, net wages, deductions, tax, and other items.  Defendant also did not make the required deductions and contributions, in violation of state and federal law.  As a result, Plaintiff has had to pay extra interest and penalties to the Internal Revenue Service.  In addition to these wage violations, Defendant also failed to buy workers' compensation insurance.

Plaintiff suffered an on-the-job injury while he moved some equipment at Defendant's business. He told Defendant about the injury on about July 15, 2005, and Defendant told him that he did not have Workers' Compensation Insurance.

Plaintiff resigned on July 29, 2005 and did not receive his full wages upon termination.

Plaintiff represents himself in this matter.  He alleges a violation of the FLSA and the California Labor Code for failure to pay overtime wages.  He also alleges a negligence claim for Defendant's failure to withhold taxes and get workers' compensation insurance.  And he alleges a violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"), for the same actions.  As remedies, he seeks a declaratory judgment and compensatory and punitive damages.

Defendant has moved to dismiss the Complaint because (1) the statute of limitations has run on Plaintiff's claims, (2) Plaintiff failed to exhaust his administrative remedies, and (3) the Complaint fails to state a claim. The Court addresses each of Defendant's arguments below.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth

a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). But only factual allegations must be accepted as true—not legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1949.

### III.  DISCUSSION

**1.    Statute of Limitations**

Defendant first argues that Plaintiff's claims are barred by the applicable statutes of limitations. Plaintiff does not deny he filed his claims beyond the statutory period, but claims that the limitation periods should be equitably tolled.

Plaintiff's first cause of action is for a violation of the FLSA. The FLSA has, at most, a three-year statute of limitations, which accrues on the date of non-payment. *See* 29 U.S.C. § 255(a); 29 C.F.R. 790.21(b) ("The courts have held that a cause of action under the Fair Labor Standards Act for unpaid minimum wages or unpaid overtime compensation and for liquidated damages 'accrues' when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends."). Plaintiff resigned on July 29, 2005 and filed suit on July 24, 2009, well over three years since his last cause of action under the FLSA accrued.

Plaintiff's claim under the California Labor Code also has a three-year statute of limitations and is similarly time barred. Cal. Civ. Proc. Code § 338(a); *Murphy v. Kenneth*

*Cole Prods., Inc.*, 40 Cal. 4th 1094, 1102 (2007). A negligence claim has a two-year statute of limitations, Cal. Civ. Proc. Code § 335.1, so that claim is also barred.

Plaintiff's UCL claim may be viable. The statute of limitations on a UCL claim is four years. *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178–79 (2000). Since Plaintiff filed suit on July 24, 2009, any UCL violations occurring after July 23, 2005 are still viable. But Plaintiff resigned on July 29, 2005, so the UCL claim could only apply to events that occurred in a six-day period from July 23 through July 29, 2005.[2]

If none of Plaintiff's claims are tolled, then all the claims, except for the UCL claim, must be dismissed.

### A.     Equitable Tolling

Plaintiff argues that his claims should be equitably tolled because he was arrested on August 15, 2005 and has remained incarcerated since then. But Plaintiff makes these claims in his opposition to Defendant's motion to dismiss, not in the Complaint. The Court therefore cannot consider them. *See Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (the burden to plead facts which would give rise to equitable tolling falls upon the plaintiff). If Plaintiff wishes to invoke equitable or statutory tolling,[3] he must plead facts showing he is entitled to it. *See id.*

The Court **DISMISSES** Plaintiff's FLSA, California Labor Code, and negligence claims with leave to file an amended complaint. The UCL claim, as it relates to events occurring after July 23, 2005, survives. No further motions to dismiss based on statute of limitations may be made by Defendant. Rather, any statute-of-limitations defense should be raised in

---

[2] This assumes, of course, that Plaintiff does not allege any post-employment violations under the UCL. Based on the Court's reading of the Complaint, it appears that all the alleged violations occurred while Defendant employed Plaintiff.

[3] Plaintiff, in his opposition, cites a California statute which permits tolling of claims for up to two years if the person was imprisoned "at the time the cause of action accrued." *See* Cal. Civ. Proc. Code § 352.1(a). Plaintiff has not alleged he was imprisoned at the time his causes of action accrued, but if he was imprisoned when his claims accrued, he has leave to plead that in an amended complaint.

a motion for summary judgment.

### 2.     Failure to Exhaust Administrative Remedies

For purposes of judicial efficiency and for the benefit of Plaintiff, who is representing himself in this matter, the Court addresses Defendant's remaining arguments regarding the sufficiency of Plaintiff's Complaint so that Plaintiff may address them in the Amended Complaint if necessary.

Defendant argues that Plaintiff failed to exhaust his administrative remedies before filing suit in federal court.  Although Plaintiff has not alleged any administrative exhaustion, there is no exhaustion requirement under the FLSA. *Local 246 Util. Workers Union of Amer. v. S. Cal. Edison Co.*, 83 F.3d 292, 297 (9th Cir. 1996).  Nor is there one for negligence claims.  But certain claims under the California Labor Code must be exhausted before filing suit.  Those are primarily state civil-penalty claims.  *See* Cal. Lab. Code §§ 2699(a), (f), 2699.3; *Lopez v. United Parcel Serv., Inc.*, No. 08cv5396, 2010 WL 728205, at *9 (N.D. Cal. March 1, 2010).  Wage claims, however, are not subject to the exhaustion requirement. *Murphy*, 40 Cal. 4th at 1117.  Wage claims include claims for unpaid overtime and for failure to provide meal and rest breaks. *Id.* at 1114–15.

Plaintiff appears to allege both types of claims.  He seeks compensatory damages for unpaid overtime wages as well as "liquid damages," which the Court assumes are statutory penalties.  The Court **DISMISSES** Plaintiff's claim for statutory penalties due to failure to exhaust administrative remedies, but his claim for unpaid wages can survive if it has been tolled.

### 3.     Failure to State a Claim

Defendant's last argument is that Plaintiff has failed to plead certain elements of his claims.  Regarding the Labor Code violation, Defendant argues Plaintiff must allege he was forced to forego meal and rest breaks as opposed to showing that he simply did not take them.

There is some support for Defendant's argument.  On a motion for summary judgment, the court in *White v. Starbucks Corporation* held that "the employee must show that he was *forced to forego* his meal breaks as opposed to merely showing that he did not take them regardless of the reason." 497 F. Supp. 2d 1080, 1089 (N.D. Cal. 2007).  But on a motion to dismiss, the Court must take the plaintiff's allegations as true and construe them in a light favorable to the plaintiff.  *Symington*, 51 F.3d at 1484.  Here, Plaintiff alleges "he was not provided with breaks or meal breaks, nor were breaks or meal breaks made available for him to take." (Compl. ¶ 11.)  These allegations are plainly sufficient and the Court declines to dismiss Plaintiff's meal and rest break claims for failure to state a claim.

Defendant also argues that Plaintiff's negligence claim is faulty.  Defendant has two arguments.  The first is that the Workers' Compensation Act preempts Plaintiff's claim for negligence.  Although physical injuries caused by employer negligence or without employer fault are exclusively compensated under the workers' compensation system, *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 713–14 (1994); *see* Cal. Lab. Code § 3600(a), Plaintiff is not alleging negligence for his physical injuries alone.  He also alleges Defendant was negligent in failing to withhold taxes and buy workers' compensation insurance.  The Court therefore **DISMISSES** Plaintiff's negligence claim as it relates to his alleged workplace injury, but the remainder of his negligence claim is not preempted.

Defendant's second argument is that Plaintiff has failed to state the elements of negligence.  The elements of a negligence are duty, breach, causation and damages.  *See Artiglio v. Corning, Inc.*, 18 Cal. 4th 604, 614 (1998).  Plaintiff alleges that "defendant Claudat knew he was required by law to withhold taxes from plaintiff's wages" and to buy workers' compensation insurance.  And Plaintiff also alleges that Defendant knew his failure to do so would result in harm to Plaintiff.

It is unclear, however, whether Defendant's failure to withhold taxes caused any harm to Plaintiff.  Plaintiff does not allege that his tax liability increased due to Defendant's actions.  Whether or not Defendant withheld taxes from his paycheck, Plaintiff's tax liability would presumably be the same.  And although Plaintiff has alleged he incurred interest and

penalties due to Defendant's failure to withholds taxes, Plaintiff does not allege the amount of the interest and penalties, when they were incurred, and whether they were incurred due to Defendant's inaction or due to Plaintiff's failure to timely amend his tax return.

Regarding Defendant's failure to buy workers' compensation insurance, it is similarly unclear how this failure caused Plaintiff damages.  The only damages that might be related to the failure to buy workers' compensation insurance are Plaintiff's medical expenses.  But the failure to buy the insurance did not cause Plaintiff to incur medical expenses; the injury did.  For these reasons, the Court **DISMISSES** Plaintiff's negligence claim.

Defendant also argues that Plaintiff cannot seek monetary relief under his UCL claim. But a plaintiff asserting a UCL claim may obtain injunction relief as well as restitution, which is a form of equitable relief.  *See Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal. App. 4th 997, 1016 (2005). Restitution is the sole form of monetary relief available under the UCL. *Id.*  Here, Plaintiff may have an ownership interest in the wages allegedly withheld by Defendant.  *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1149 (2003) ("The object of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest.").  Plaintiff may therefore still recovery his unpaid wages through restitution. No other monetary relief, however, may be recovered through the UCL claim.

//
//
//
//
//
//
//
//
//
//

## IV.  CONCLUSION

The Court **GRANTS in part** and **DENIES in part** the motion to dismiss [Doc. 16].  All Plaintiff's claims are **DISMISSED** except for the UCL claim as it relates to events occurring after July 23, 2005.  Plaintiff has leave to amend his Complaint to fix the problems described above.  The deadline for filing an Amended Complaint is September 26, 2010.  Failure to file a timely amended complaint will result in an order dismissing the claims dismissed herein without further leave to amend.

**IT IS SO ORDERED.**

DATED:  August 24, 2010

_____
Honorable Barry Ted Moskowitz
United States District Judge