1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GLEN GROCE, | Case No. 09cv1630-BTM (WMc) |
| Plaintiff, | **ORDER RE MOTION TO DISMISS FAC** |
| v. | |
| THEODORE BERNARD CLAUDAT dba QUALITY INSTANT PRINTING, | |
| Defendant. | |

Defendant moves to dismiss the FAC.  For the reasons set forth below, this motion is **DENIED**.

## I.  DISCUSSION[1]

### A. Timeliness

The Court's August 24, 2010 Order granting in part and denying in part Defendant's motion to dismiss the original complaint provided Plaintiff with a September 26, 2010 deadline to file an amended complaint.  Plaintiff filed the FAC *nunc pro tunc* to September 29, 2010, the date the amended complaint was received.

Defendant contends that Plaintiff's failure to timely file necessitates dismissal without further leave to amend.  The Court disagrees.  Plaintiff, who is incarcerated, signed the FAC's proof of service on September 24, 2011 and declares that he deposited the FAC in

---

[1] A description of the underlying facts of this case is set forth in the Court's August 24, 2010 Order on Defendant's motion to dismiss the original complaint.  [Doc. #29]

09cv1630-BTM (WMc)

the prison mail system on that date.  *See* doc. #31 Ex. B.  As a pro se prisoner, Plaintiff is entitled to the "mailbox rule," which dictates that the statutory filing date is the date a document was presented to prison authorities for mailing to the court and not the date it was received.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988).[2]  Under this rule, Plaintiff's amended complaint is timely filed.  Plaintiff's motion to dismiss the entire complaint on timeliness grounds is **DENIED**.

**B.  Statute Of Limitations**

In the August 24, 2010 Order, the Court instructed, "No further motions to dismiss based on statute of limitations may be made by Defendant."  (Order at 4)  Nevertheless, Defendant now argues that the statute of limitations bars Plaintiff's FLSA and UCL claims and that equitable tolling is not available.  (Mem. at 2-3)

Pursuant to the August 24, 2010 order, these arguments are clearly not appropriate in a motion to dismiss and will not be considered at this time.  As stated before, "any statute-of-limitations defense should be raised in a motion for summary judgment."  (Order at 5)

**C.  Failure To State A Claim**

1.  UCL Claims

Defendant seeks dismissal of Plaintiff's UCL claims on three grounds.  First, Defendant claims confusion as to whether Plaintiff is suing under California's Unfair Competition Law or the Unfair Practices Act  and states that it will "base its argument on the Unfair Practices Act."  (Mem. at 5)  Paragraph 40 of the FAC reads, "Plaintiff alleges that California Business and Profession Code §§ 17000 et seq. to 17200 et seq states 'unfair competition shall mean and include unlawful, unfair or fraudulent business practices.'"  This is a quote from § 17200 of the UCL.  Although pro se Plaintiff may not have cited the intended statute with exact precision, it is clear that Plaintiff is bringing claims under the UCL

---

[2] Contrary to Defendant's position, this rule does not apply only to documents filed pursuant to Fed. R. App. P. 4(c).  *C.f. Douglas v. Noelle*, 567 F.3d 1103, 1106 (9th Cir. 2009).

and not under the Unfair Practices Act.

Next, Defendant argues that because "the only claims which survive the statue of limitations is Plaintiff's UCL claims which accrued between July 23, 2005 and July 29, 2005" and "Plaintiff has failed to plead any damages specific to this 6 day period", Plaintiff failed to plead enough facts to state a claim.  (Mem. at 5)  As discussed above, the Court will not address Defendant's statute of limitations arguments at this stage of proceedings.   If Defendant is ultimately successful in these arguments, then Plaintiff will have to put forth evidence of any damages accrued during this six-day period.

Finally, Defendant asserts, "Plaintiff also requests compensatory relief, however monetary relief beyond restitution is may [sic] not be recovered under a UCL claim." (Mem. at 6)  The Court has already held that "[r]estitution is the sole form of monetary relief available under the UCL." (Order at 7)  Plaintiff acknowledges this holding and contends that the compensatory damages sought are not in reference to the UCL claims.  (Opp. at 6)  To the extent Plaintiff's prayer for restitutionary damages are for withheld wages to which Plaintiff has an ownership interest, these wages are recoverable under the UCL.  *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003).  For these reasons, dismissal of Plaintiff's UCL claims is not appropriate at this time.

2. Negligence Claim

Defendant has two arguments for dismissal of Plaintiff's negligence claim.  First, Defendant asserts that the Workers' Compensation Act preempts Plaintiff's claim for negligence. Previously, the Court ruled that physical injuries caused by employer negligence or without employer fault are exclusively compensated under the workers' compensation system.  Order at 6.  However, upon reconsideration, this rule does not apply when an employer fails to secure workers' compensation coverage. *See* Cal Lab Code § 3706 ("If any employer fails to secure the payment of compensation, any injured employee or his dependents may bring an action at law against such employer for damages, as if this division did not apply.").  Plaintiff alleges – and Defendant does not contest – that Defendant failed

3

1   obtain the requisite workers' compensation.  (Compl. ¶ 30; Compl. Ex. B (letter from the

2   Workers' Compensation Insurance Rating Bureau of California stating that there is no

3   evidence that Defendant had secured coverage during the time period at issue))  Plaintiff has

4   met his burden to "establish that [Defendant] failed 'to secure the payment of compensation'

5   as required under the Act," and therefore, Plaintiff's negligence claims are not preempted by

6   the Workers' Compensation Act.  *Rymer v. Hagler*, 211 Cal. App. 3d 1171, 1178 (5th Dist.

7   1989). If Defendant has evidence that it had, in fact, secured workers' compensation

8   coverage at the time of Plaintiff's alleged injuries, it may reassert its preemption argument

9   in a motion for summary judgment.

10          Next, Defendant argues that "Plaintiff fails to plead how Defendant's alleged failure

11  to obtain workers' compensation insurance caused Plaintiff to incur medical expenses."

12  Because Plaintiff is not preempted from alleging negligence for his physical injuries alone,

13  the allegation that his injury caused him to incur medical expenses is sufficient to establish

14  causation.

15

16                                    **II.  CONCLUSION**

17          Defendant's motion to dismiss the FAC is **DENIED**.  Defendant's arguments based

18  on the statute of limitations were improperly raised.  Pursuant to the August 24, 2010

19  Order, Defendant may raise statute of limitations defenses in a motion for summary

20  judgment.

21          The Court reconsiders its prior holding that the Workers' Compensation Act

22  preempts Plaintiff's negligence claim for his physical injuries.  Plaintiff has alleged

23  sufficient facts to show that Defendant had failed "to secure the payment of

24  compensation" as required by the Act, and thus, Plaintiff's negligence claims are not

25  preempted.

26  **IT IS SO ORDERED.**
    DATED:  May 18, 2011

27

28                                    _Barry Ted Moskowitz_
                                      Honorable Barry Ted Moskowitz
                                      United States District Judge