1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MARK GLEN GROCE,                                    )          Case No. 09cv01630-BTM (WMc)
                                                                      )
                          Plaintiff,                             )          **ORDER GRANTING DEFENDANT'S**
                                                                      )          **MOTION TO QUASH**
v.                                                                   )
                                                                      )
THEODORE BERNARD CLAUDAT, dba        )
QUALITY INSTANT PRINTING,                    )          (ECF No. 72)
                                                                      )
                          Defendant.                         )

*Introduction*

          Plaintiff worked for defendant at Quality Instant Printing (QIP) for an eight month period

from November 15, 2004 to July 29, 2005. Plaintiff is currently incarcerated.

          Plaintiff's First Amended Complaint ("FAC") alleges: (1) defendant failed to pay

plaintiff for over time and double over time for hours worked, (2) defendant did not have

workers compensation insurance, and (3) plaintiff suffered an injury at work due to defendant's

negligence.

          Defendant now moves to quash plaintiff's subpoena of financial information. (ECF No.

72). Additionally, defendant seeks a protective order of his financial information. Plaintiff  filed

an opposition to defendant's motion. (ECF No. 85).

*Defendant's Motion*

          Defendant moves this Court to quash plaintiff's subpoena pursuant to Fed. R. Civ. P. 45,

Fed. R. Civ. P. 26, and Cal. Gov't Code § 7470.  (ECF No. 72). Defendant asserts the subpoenas are not relevant to this issues in this matter, the subpoenas are meant to harass defendant, the subpoenas seek privileged and/or protected information, the subpoenas were not served on defendant, and the subpoenas were not properly filed with the court. *Id*.

### Plaintiff's Opposition

Plaintiff filed a 245 page opposition to defendant's motion to quash. Essentially, plaintiff argues the financial documents requested are "material and relevant to defendant's credibility, truthfulness and veracity" and may lead to the discovery of evidence establishing a "a pattern and practice of submitting false and misleading statement[s] in banking applications and/or documents." (ECF No. 85, pg. 3).  Plaintiff also notes the subpoenas permit the institution to omit personal data. *Id*.

### Legal Standard

The legal standard applicable to discovery is broad. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Generally, relevant information is discoverable. *Id*. Discoverable information need not be admissible at trial so long as it "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, relevancy is not without "ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Accordingly, district courts have broad discretion to determine relevancy for discovery purposes. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

District courts also have broad discretion to limit discovery. For example, a court may limit the scope of any discovery method if it determines that the discovery sought is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Similarly, district courts are directed to limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C).

Under Rule 45, any party may serve a subpoena commanding a non-party "to attend and give testimony or to produce and permit inspection [and] copying" of documents. Fed. R. Civ. P. 45(a)(1) (C). A subpoena is subject to the relevance requirements set forth in Rule 26(b). Fed. R.

Civ. P. 26(b)(1). The non-party may make objections to the subpoena within fourteen days after service, or before the time for compliance if less than fourteen days. Fed.R.Civ.P. 45(c)(2)(B). Upon a timely motion, the court may quash or modify the subpoena for any one of the reasons set forth in Rule 45(c)(3)(A), such as the subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies," or it "subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A). A party cannot simply object to a subpoena served on a non-party, but rather must move to quash or seek a protective order. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D.Cal.2005); *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n. 5 (9th Cir.1983) ("[o]nce the person subpoenaed objects to the subpoena ... the provisions of Rule 45(d) come into play"). The party who moves to quash a subpoena has the burden of persuasion under Rule 45(c)(3). *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D.Cal.2005).

Courts have broad discretion to determine whether a subpoena is unduly burdensome. *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir.1994). For example, a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of the litigation. *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813-14 (9th Cir.2003) (holding subpoenas properly quashed where their overbreadth led the court to conclude that subpoenas were "served for the purpose of annoying and harassment and not really for the purpose of getting information"). Again, the moving party bears the burden of establishing that a subpoena is unduly burdensome. *F.D.I.C. v. Garner*, 126 F.3d 1138, 1146 (9th Cir.1997).

Finally, although irrelevance is not among the enumerated reasons for quashing a subpoena under Rule 45(c)(3), federal courts have incorporated relevance as a factor to be considered when ruling on motions to quash. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D.Cal.2005). Under Rule 45(c)(3)(A), "[a]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party[,]" and mandates the court's consideration of such factors as relevance, the serving party's need for the requested documents, the breadth of the discovery request, the particularity with which the documents are described, and the burden imposed. *Moon v. SCP Pool Corp.*, 232

1    F.R.D. 633, 636 (C.D. Cal.2005).

2    *Analysis*

3         After a thorough review of the papers filed, the Court finds the subpoena requests to JP

4    Morgan Chase over broad, irrelevant, and unduly burdensome. The Court analyzes the specific

5    requests below.

6         **Subpoena Request No. 1, 5**

7         These requests are over broad because the requests seek any and all information

8    regarding Quality Instant Printing *and* defendant's personal financial information including *any*

9    accounts that list defendant as an account holder during a four year period *following* plaintiff's

10   employment with defendant. Requests 1 and 5 are over broad as to time and subject matter

11   because plaintiff's wage and hour, worker's compensation, and negligence claims have nothing

12   to do with the defendant's personal financial information following plaintiff's employment and

13   during plaintiff's incarceration.

14        **Subpoena Request Nos. 2, 3, 4, 6, 7, 8, 9, 10**

15        These requests are over broad and irrelevant because they seek information with no

16   apparent connection to plaintiff's claims. For example, Request No. 2 states:

17            Any and all documents described as, which includes, but is not limited to JPMC's
18            policies and procedure governing the notification to customers of an unauthorized
             signature and/or alternation and suspicious banking activities in association with check
             fraud, check forgery and/or theft, from the period of January 2004 to and including
19            January 2009, and including any and all amendments addendums and hand written
             provisions including, but not limited to the relevant period(s) stated hereinabove. (UCC §
20            4406).

21   (Groce Subpoena at 2.)

22        Likewise Request Nos. 3, 4, and 6-8, relate to JP Morgan Chase's reimbursement

23   procedures and personal identification number ("PIN") changing procedures. Accordingly,

24   plaintiff seeks information from defendant's bank unrelated to the claims in plaintiff's complaint.

25   Plaintiff claims primarily relate to wage and hour violations along with a worker's insurance

26   claim yet his request seeks information on "check fraud, check forgery, and/or theft." (Groce

27   Subpoena at 2.) JP Morgan Chase's "policies and procedure" regarding notifications to

28   customers regarding topics wholly independent from the claims in plaintiff's complaint are

     irrelevant and not subject to discovery. Thus, plaintiff's subpoenas request material that is

irrelevant to the claims in his complaint, and Plaintiff's requests are unduly burdensome.

Additionally, the time period covered by the request is unreasonable. The documents requested seek material for a time period that far exceeds the amount of time plaintiff worked for defendant and thus irrelevant to his wage hour and worker's compensation insurance claims.

**Request Nos. 12, 13, 14**

Like the requests above, Request Nos. 12 - 14 are over broad because they request information "including, but not limited to the period of January 2004 to and including January 2009." Additionally, these requests contemplate information irrelevant to plaintiff's claims including signature cards, deposit agreements, and account service agreements.

***Protective Order***

Upon a showing of "good cause," a court may "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in discovery by "requiring that trade secret or other confidential . . . commercial information not be revealed, or be revealed only in a specified way." Fed.R.Civ.P. 26(c); see *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1357 (Fed. Cir. 2011). The party seeking a protective order has the burden of showing that the protection is warranted. *Id.* Generally, good cause requires the moving party to show that specific prejudice or harm will result if the protective order is not issued. *Rivera v. NIBCO, Inc*., 384 F.3d 822, 826 (9th Cir.2004). And, in this context, the courts administer a balancing test of the conflicting interests between the protection of Rule 26(c) of the Federal Rules of Civil Procedure and the broad mandate of the admissibility of information in discovery conferred by Rule 26(b)(1). *Brown Bag Software v. Symantec Corp*., 960 F.2d 1465, 1472 (9th Cir.1992).

Courts have considered the following factors in determining the existence of good cause for a protective order: (a) whether the information is being sought for a legitimate purpose, and (b) whether disclosure will violated any privacy interest. *Pansy v. Borough of Stroudsburg* (3rd Cir. 1994) 23 F3d 772, 787-791.

Here, defendant has established the requisite good cause for a protective order of defendant's personal financial information. The person seeking the protective order has the burden of showing a specific injury. However, all that is necessary is an injury to legitimate

interests in privacy. *Pearson v. Miller* 211 F.3d. 57, 72-73 (3rd Cir. 2000). Defendant's privacy interests of his personal financial matters outweighs the interests of having material being produced by defendant because the information sought is irrelevant. The production of the documents would subject defendant to disclosure of highly private and confidential matters that have little if any probative value to plaintiff's claims. Furthermore, plaintiff may also be attempting to subpoena defendant's e-mail and cell phone service providers for "any and all" phone calls, e-mails, and text messages sent or received for any account listing defendant as account holder from January of 2004 to December of 2009. (ECF No. 85-1, Exhibit Set 1, Exhibits C, D) (Subpoena to Cox Communications and Verizon Communications).

Defendant argues plaintiff seeks to harass defendant for testifying against him in a criminal matter. (ECF No. 72). Defendant asserts plaintiff stole, forged, and cashed defendant's checks. Defendant further asserts plaintiff threatened to sue defendant if he testified against plaintiff in the criminal matter. Defendant testified at plaintiff's criminal trial from which plaintiff was convicted and is now incarcerated. *Id*. Some of the requests to defendant's bank call for information regarding "suspicious banking activities, check fraud, check forgery, theft, unauthorized signatures and/or alterations." (Groce Subpoena at 3.) This information is irrelevant to plaintiff's claims in this action and thus outside the scope of discoverable information.

Moreover, defendant attached two letters from plaintiff to defendant regarding defendant's testimony at plaintiff's criminal trial. The two letters urged defendant not provide information to the authorities regarding the check fraud matter. Plaintiff states that if defendant provides testimony it will subject QIP and defendant to liability because plaintiff had some damaging information regarding QIP's tax information. (ECF No. 72, Exhibit B.)

Considering the grossly over broad JP Morgan Chase subpoena requests, the subpoenas of Cox Communications and Verizon Communications, the history between the parties, and letters from plaintiff to defendant, the Court finds plaintiff is not merely ignorant of proper discovery protocols but is rather consciously and diligently seeking information for an illegitimate purpose.

The Court has balanced plaintiff's the need for discovery with defendant's interest in privacy of his financial matters and finds a protective order of defendant's personal financial accounts is warranted. The discovery deadline was April 13, 2012 and discovery is now closed. (ECF No. 56). In lieu of issuing a protective order, the Court will impose limits on plaintiff's discovery requests. The Court finds an order imposing these limits and regulating discovery will not only serve to protect defendant from improper disclosure of irrelevant and confidential information, it may also serve to streamline and expedite discovery. The discussion regarding the protective order was given for the purpose of educating the plaintiff and is purely academic. The Court has not ordered or allowed any discovery in this order which would require a protective order.

Accordingly, pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)(iii), the Court will impose the following limits on plaintiff's discovery requests. Plaintiff shall not serve, or attempt to serve, any unserved subpoenas without prior approval of the Court. Nor shall plaintiff send letters to defendant's various services providers including, but not limited to, Cox Communications, Verizon Communications, and JP Morgan Chase Bank, regarding defendant's accounts or activities without prior approval of the Court.  The Court will address any requests for approval following Judge Moskowitz' ruling on defendant's motion for summary judgment. To this end, the Court instructs defendant's counsel to contact Judge McCurine's chambers within 72 hours following Judge Moskowitz' ruling on defendant's motion for summary judgment.

Defendant's motion to quash is GRANTED.

**IT IS SO ORDERED.**

DATED: May 18, 2012

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court